IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:11-513-JFA |
|---|---|---|
| v. | ) | ORDER |
| BROUDERICK CENTELLE GREEN | ) | |

The *pro se* defendant, Brouderick Green, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved to dismiss the § 2255 motion as barred by the provisions of his plea agreement. Alternatively, the government moves for summary judgment[2] contending that there is no genuine issue as to any material fact. For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that petition should be dismissed.[3]

PROCEDURAL HISTORY

On November 24, 2011, the defendant pled guilty to possession with intent to

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[2] After the government moved for dismissal/summary judgment of the § 2255 motion, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion to dismiss or for summary judgment. The defendant did not respond to the motion.

[3] In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

1

distribute 28 grams or more of crack cocaine and a quantity of cocaine (Count 1) and felon in possession of firearms and ammunition (Count 2). The written plea agreement provided for, among other things, dismissal of Count 3 upon substantial assistance, a stipulation by the defendant under 21 U.S.C. § 851 to three prior felony drug convictions, as well as a waiver of appeal or a § 2255 motion, except for ineffective assistance of counsel or prosecutorial misconduct.

Under the terms of the plea agreement, and due to his three prior felony drug convictions, the defendant faced a statutory mandatory minimum sentence of ten years on Count 1 and a maximum of ten years on Count 2. The Presentence Report (PSR) calculated an adjusted offense level of 32 (base offense level of 30, plus a two-level enhancement for firearms, and a three-level reduction for acceptance of responsibility) and a criminal history category of III for a resulting guideline range of 120 to 135 months. The court adopted a 1 to 1 crack to cocaine ratio which reduced the defendant's guideline range to 37 to 46 months. However, due to the statutory mandatory minimum sentence of 120 months on Count 1, the court sentenced the defendant to 120 months imprisonment on January 26, 2012.

The defendant did not take a direct appeal of his judgment and conviction.

### APPLICABLE LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. A petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the

maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

DISCUSSION

The present § 2255 motion was filed on or about May 29, 2012. The defendant argues that his statutory mandatory sentence was improperly enhanced, contending that none of his prior state court drug convictions constitute a felony drug offense because he received suspended sentences in state court. He relies on the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

The *Simmons* decision, which interpreted and applied *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2377 (2010), held that when assessing whether prior North Carolina convictions constitute predicate offenses, courts must look only to the statutory minimum and maximum sentence as found by the North Carolina state court for that particular defendant. However, the Fourth Circuit has recently held that the rule announced in *Carachuri-Rosendo* and applied in *Simmons* is not retroactive to cases on collateral review. *See United States v. Powell*, 691 F.3d 554 (4th Cir. 2012). In *Powell*, the Fourth Circuit ruled that because the *Carachuri-Rosendo* holding is not retroactive, a § 2255 petitioner cannot rely on that case or *Simmons* to reset the one-year limitations period under § 2255(f)(3).

On November 2, 2011, the defendant entered into a written plea agreement with the government wherein he waived his right to a direct appeal and his right to file a § 2255 motion, except as to claims of ineffective assistance of counsel and/or prosecutorial misconduct. Specifically, defendant's paragraph 17 of the plea agreement contains the

3

following language:

> The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

The defendant's current motion does not assert either ineffective assistance of counsel or prosecutorial misconduct, nor does it fall outside of the scope of the waiver contained in the plea agreement. Accordingly, the defendant's claim is barred and the government is entitled to summary judgment.

As the government further asserts in its motion for dismissal, even if the § 2255 motion had not been waived by the defendant in his plea agreement, the defendant's reliance on *Simmons* is misplaced because *Simmons* dealt with the North Carolina state sentencing scheme in which a defendant's maximum sentence is determined by a guidelines grid. The defendant's prior drug convictions occurred in South Carolina, and *Simmons* specifically deals with prior North Carolina convictions.

CONCLUSION

For all the foregoing reasons, the court hereby dismisses the § 2255 motion as barred by the terms of his plea agreement.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

January 10, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).